Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
516.671.1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Hector Jose,

                              Plaintiff,    Case No. 19-cv-7197

- *against* -

**COMPLAINT**

Stoler of Westbury, Inc. d/b/a Westbury Toyota,

**Jury Trial Demanded**

                              Defendant.

Plaintiff, Hector Jose alleges as follows:

## INTRODUCTION

1. This action is brought by Hector Jose ("Plaintiff"), against Stoler of Westbury, Inc. d/b/a Westbury Toyota ("Defendant") under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. This action is also brought to remedy disability discrimination under the Human Rights Law (N.Y. Executive Law § 290, *et seq.*).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Plaintiff's ADA claims under 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331.

4. This Court has supplemental jurisdiction over the Plaintiff's claims arising under the Human Rights Law pursuant to 28 U.S.C. § 1337 because such claims form part of the same case or controversy asserted under the ADA.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because: (1) all parties reside in this District and (2) the events and omissions giving rise to the claims alleged in this Complaint occurred within this District.

## EXHAUSTION OF REMEDIES

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written dismissal from the Commission; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a natural person and resident of the County of Nassau.

8. Defendant Stoler of Westbury, Inc. is a New York Corporation.

9. Defendant Stoler of Westbury, Inc. does business as Westbury Toyota.

10. Defendant Stoler of Westbury, Inc. (hereinafter "Westbury Toyota") operates an automobile dealership in Westbury, County of Nassau, New York.

11. Defendant is a person within the meaning of 42 U.S.C. §§ 12111(7) and 2000e(a).

12. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

13. Defendant is an employer within the meaning of N.Y. Exec. Law § 292(5).

## FACTUAL ALLEGATIONS

14. The Plaintiff is a former employee of Westbury Toyota.

15. Plaintiff was began working at Westbury Toyota on or about August 15, 2001.

16. Plaintiff's last position was as a maintenance worker.

17. Plaintiff was supervised by Justin Feuer ("Feuer").

18. Feuer was the service department manager.

19. Plaintiff's essential job functions included making repairs in and around the building, moving cars as needed, and collecting garbage.

20. In the course of maintaining the building, Plaintiff was often required to engage in activities such as climbing ladders.

21. On February 8, 2018, as Plaintiff was standing on a ladder repairing an emergency light, the ladder fell out from under him.

22. The Plaintiff fell, sustaining injuries.

23. The Defendant became aware of Plaintiff's accident on the same day that it occurred.

24. The day after the accident Plaintiff returned to work, limping visibly on his left leg, and experiencing pain in in his left arm.

25. The day after the accident Feuer ordered the Plaintiff to clean a drain on the Westbury Toyota roof. The Plaintiff complied with this order, and experienced pain as a result thereof.

26. On Monday, February 12, 2018 the Plaintiff was examined and treated by John D. Romero, D.C. for injuries to his neck, back, head, and extremities. Dr. Romero conducted clinical testing which noted significant limitations in range of motion of cervical spine, as well as sciatica.

27. Dr. Romero also notified the Plaintiff that he believed the Plaintiff would need surgery on his left shoulder.

28. About one week before his fall, Plaintiff had made a request to rent a Westbury Toyota vehicle for a planned vacation to begin on or about February 27, 2018.

29. Plaintiff had made prior requests to rent a vehicle without any issues.

30. As February 27, 2018 approached, Feuer informed the Plaintiff that he would need to see Plaintiff's medical records before allowing him to rent the car.

31. Prior to February 27, 2018, the Plaintiff furnished Dr. Romero's report to Feuer.

32. After furnishing the Dr. Romero's report to Feuer, Feuer told the Plaintiff there were no cars available to rent.

33. The Plaintiff had personal knowledge of at least 10 cars available for rent at Westbury Toyota.

34. The Plaintiff returned to work after his vacation on March 12, 1018.

35. On March 16, 2018 at approximately 2:00 p.m. there was a lull in showroom activity.

36. The Plaintiff was entitled to a morning and afternoon break, which he had not yet taken.

37. That afternoon the Plaintiff took an extended break.

38. During his break he washed his car.

39. The Plaintiff had taken extended afternoon breaks on prior occasions during his workday without any issues.

40. The Plaintiff had washed his car on prior occasions during his workday without any issues.

41. On the prior occasions during which Plaintiff had taken extended breaks or washed his car, he had never been disciplined or reprimanded.

42. At the end of the Plaintiff's shift, Feuer called him into his office. Feuer told the Plaintiff that he was being terminated because he had washed his car during working hours.

43. Feuer informed the Plaintiff that he had been watching him on the surveillance cameras.

44. Plaintiff had not missed a day of work due to his injury.

45. Plaintiff had been a consistent and reliable worker at Westbury Toyota for 17 years.

46. Although Defendant knew that the Plaintiff had fallen from a ladder at work on February 8, 2018 and was aware of the Plaintiff's injuries and physical limitations prior to February 27, 2019, the Defendant never engaged in an interactive process or offered to make a reasonable accommodation for the Plaintiff's physical limitations.

47. After his accident, Plaintiff performed his regular duties without an accommodation, and experienced severe physical pain as a result of Defendant's failure to accommodate.

## COUNT I

## FAILURE TO ACCOMMODATE UNDER

## TITLE I OF THE AMERICANS WITH DISABILITIES ACT

48. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

49. By its conduct above, Defendant has violated Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

50. An employer discriminates against an otherwise qualified individual on the basis of disability when it does not make "reasonable accommodations to the known physical or mental limitations" of the individual, unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . . ." 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a).

51. The Defendant knew that the Plaintiff had physical limitations.

52. Defendant never engaged in an interactive process with the Plaintiff or offered Plaintiff any form of reasonable accommodation.

53. During all relevant times, Plaintiff was qualified for his position with Defendant because he could perform the essential functions of his job with or without a reasonable accommodation. 42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

## COUNT II

## DISCRIMINATORY TERMINATION UNDER

## TITLE I OF THE AMERICANS WITH DISABILITIES ACT

54. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

55. By its conduct above, Defendant has violated Title I of the ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

56. The ADA prohibits employers from discharging employees on the basis of disability. 42 U.S.C. § 12112.

57. The Plaintiff suffered from a physical or mental impairment that substantially limited one or more major life activities, had a record of such an impairment, or was regarded as having an impairment by Defendant.

58. Defendant terminated the Plaintiff because he was disabled, regarded as disabled, or had a record of a disability.

## COUNT III

## FAILURE TO ACCOMMODATE UNDER THE HUMAN RIGHTS LAW
## N.Y. EXECUTIVE LAW § 290, *ET SEQ.*

59. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

60. By its conduct above, Defendant has violated the New York State Human Rights Law (NY Exec. Law § 290, *et seq.*).

61. The Human Rights Law requires employers to provide a reasonable accommodation for an employee's known disability.   NY. Exec. Law § 296(3).

62. The Defendant knew that the Plaintiff had physical limitations.

63. Defendant never engaged in an interactive process with the Plaintiff or offered Plaintiff any form of reasonable accommodation.

64. The Plaintiff could perform the essential functions of his job with or without with a reasonable accommodation.

7

## COUNT IV

## FOR DISCRIMINATORY TERMINATION IN VIOLATION OF

## N.Y. EXECUTIVE LAW 290, *ET SEQ.*

65. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

66. By its conduct above, Defendant has violated the New York State Human Rights Law. NY Exec. Law § 296.

67. It is an "unlawful discriminatory practice for an employer" to discharge an employee because of disability. N.Y. Exec. Law § 296(1)(a).

68. Defendant discharged the Plaintiff because of his of disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks:

a. compensatory damages for pain and suffering experienced as a result of performing his job functions without an accommodation;

b. back wages and front wages for Defendant's discriminatory termination of the Plaintiff;

c. punitive damages;

d. prejudgment interest;

e. reasonable attorneys' fees and costs of the action;

f. such other appropriate relief as the interests of justice require.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: Glen Cove, New York
December 23, 2019

        Respectfully,

        MOSER LAW FIRM, P.C.

        _____
        By: Steven J. Moser, Esq. (SM1133)
        3 School Street, Suite 207B
        Glen Cove, New York 11542
        516.671.1150
        smoser@moseremploymentlaw.com