200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
(516) 294-5433

634 PLANK ROAD, SUITE 203 A
CLIFTON PARK, NY 12065
(518) 387-3604

55 CHURCH STREET, SUITE 205
WHITE PLAINS, NY 10601
(914) 584-9934

AHMUTY, DEMERS & MCMANUS
ATTORNEYS AT LAW
199 WATER STREET, 16TH FLOOR
NEW YORK, NEW YORK 10038

(212) 513-7788
FACSIMILE (212) 513-7843

1531 ROUTE 82
HOPEWELL JUNCTION, NY 12533
(845) 223-3470

20 WEST MAIN STREET, SUITE 205
RIVERHEAD, NY 11901
(516) 535-1844

65 MADISON AVENUE, SUITE 400
MORRISTOWN, NJ 07960
(973) 984-7300

March 17, 2020

Honorable Joan M. Azrack
US District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

      Re:  Civil Action No.:  19-cv-7197 (JMA) (SIL)
          Defendant  : Stoler of Westbury, Inc.
          Plaintiff   : Hector Jose
          D/Loss   : 2/8/18
          Our File  : IAT1540N19GAK

Dear Judge Azrack:

Pursuant to your rules, please allow this correspondence to serve as a request for a pre-motion conference, relative to a pre-answer motion to dismiss the complaint. This firm has been retained to represent the interests of defendant Stoler of Westbury, Inc., d/b/a Westbury Toyota. Plaintiff, Hector Jose, commenced this action by filing of Summons and Complaint on or about December 23, 2019. Our client received said Summons and Complaint on January 27, 2020. Thereafter, both parties stipulated to an extension of time to Answer the Complaint and/or move for dismissal of the same on or before March 18, 2020. Pursuant to Your Honor's rules, service of this letter constitutes timely service of the subject motion within the agreed upon timeframe.

*Background*

Plaintiff claims that he was injured as a result of an accident which he sustained during the course of his employment with Westbury Toyota on February 8, 2018. He was thereafter terminated for cause on March 16, 2018. On June 1, 2018 plaintiff brought a personal injury action in Supreme Court, Nassau County alleging injuries stemming from his February 2018 accident. Then on January 10, 2019, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that he was terminated as a result of his disability. The disabilities in question, plaintiff claimed, resulted from his February 2018 accident.

Plaintiff settled all claims against the defendants in the personal injury action on March 14, 2019, signing a comprehensive General Release. Such release specifically named the defendant herein. Plaintiff was represented by counsel at the time the release was executed. However, on December 23, 2019 plaintiff commenced the instant action by filing Summons and Complaint in the Eastern

District.  On January 8, 2020, plaintiff's EEOC Charge was dismissed pursuant to a Dismissal and Notice of Rights, which was predicated on the previously signed General Release.

*Plaintiff's Complaint is Barred by Res Judicata*

On March 14, 2019, plaintiff signed a General Release in an action for personal injuries brought in Supreme Court of The State of New York, Nassau County.  The release clearly stated that it was for, among a litany of other considerations, "any and all derivative claims of any nature, and for any development, whether foreseen or unforeseen…any and all potential damages which could possibly be recovered pursuant to any legal authority that, absent this Release, might permit the Releasor or any other person authorized by law to make such a claim or claims.  It is expressly understood that this Release is for settlement, release, discharge and elimination of any such and all such claims."  Furthermore, the release states "This Release applies only to claims resulting from anything, *which has happened up to now*."

Plaintiff's Complaint alleges that he was terminated from his employment with Westbury Toyota because of his disability and that defendants failed to accommodate said disability.  The disabilities in question, plaintiff claims, stemmed from his alleged February 8, 2018 accident.  Notwithstanding the dubious merits of these claims, plaintiff has already disposed of any and all rights and claims that he has against Westbury Toyota pursuant to the General Release in the Nassau County action.

Under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabsico, Inc.* 138 F3d 459, 463 (2d Cir. 1998).  Courts in the second circuit have consistently barred claims where a plaintiff enters into a settlement, executes a general release, and then brings an additional lawsuit alleging similar claims that could have been alleged in the prior settled action.  *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 142 (E.D.N.Y. 2015) citing to *Tromp v. City of New York* 5465 Fed. Appx. 50 (2d Cir. 2012).  *Castro v. City of New York*, No. 11-cv-5379 2012 U.S. Dist. LEXIS 159100, 2012 WL 5289490, at 3 (E.D.N.Y. 2012).  When general language is used in the releasing document, the release is to be construed most strongly against the releasor.  *Castro*, 2012 U.S. Dist. LEXIS 159100, 2012 WL 5289490 at 3.

Plaintiff was terminated from his employment on March 16, 2018.  On March 14, 2019, approximately one year later, plaintiff signed a general release in the Nassau County action.  That release, as stated above was in consideration of "anything, which has happened up to now."  Thus, all conduct which plaintiff could have a right or claim for, he released defendants from.  *Gracia v. City of New York* 2017 U.S. Dist. LEXIS 157724 (S.D.N.Y. 2017) "Plaintiff's discrimination claims arise exclusively from conduct that occurred from 2013 through 2015, which was before Plaintiff signed the general release, and because those claims were not specifically excluded from the general release, Plaintiff's discrimination claims are covered by the terms of the general release."

The language of the general release, as restated above, is clear and unambiguous.  Plaintiff had already been terminated from his employment with Westbury Toyota at the time that he signed the general release.  Furthermore, he had already filed his Charge of Discrimination with the EEOC at the time he signed the general release, meaning that the instant claims were contemplated at the time of signing.  Since there is no specific language in the general release excluding discrimination

claims, plaintiff is barred from relitigating this issue. The release states that it releases defendants "for any and all derivative claims of any nature." Plaintiff could have sought to carve out or otherwise pursue a discrimination claim based on his disability at the time the general release was signed. However, he did not do so. Therefore, all claims relating to his alleged February 8, 2018 accident have since been released against defendants in this matter, and plaintiff's Complaint is barred by res judicata.

*A Pre-Answer Motion is Proper in this Instance*

Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Court have held that a motion based on Rule 12(b)(6) made prior to a defendant answering in a matter is proper when all relevant facts are shown by the Court's own records, of which the court takes notice. *Day v. Moscow*, 955 F.2nd 807, 811 (2d Cir. 1992). *Mejia v. New York City Health & Hosps. Corp*. 2014 U.S. Dist. LEXIS 69715 (S.D.N.Y. 2014). "However, when a defense is based upon the complaint itself or records of which a court may take judicial notice, res judicata may be raised on a Rule 12(b)(6) motion without requiring an answer." *W.E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc.* 186 F.2d 236, 237 (2d Cir. 1951). "The defense of Res Judicata must usually be pleaded. But where all relevant facts are shown by the court's own records, of which it takes notice, there appear no good reason why an answer shall be first required."

In the instant matter, defendants are requesting that the court take judicial notice of the court's own records as a means of applying res judicata to plaintiff's Complaint. All previously filed pleadings, administrative documents, and the general release itself will show that this matter had been previously litigated to its end and that plaintiff has already sought additional relief from the EEOC, but was properly barred from doing so. Thus, plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and such a dismissal is proper prior to defendant interposing an Answer.

*Conclusion*

It is therefore requested that this Honorable Court grant a pre-motion conference in this matter based upon the foregoing. A pre-answer motion will be based upon defendant's position that plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6) due to the fact that he has already released defendants from any and all claims being asserted.

Very truly yours,

GLENN A. KAMINSKA
(646) 536-5835
Glenn.kaminska@admlaw.com