UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HECTOR JOSE,

                      Plaintiff,

   -against-

STOLER OF WESTBURY, INC. D/B/A
WESTBURY TOYOTA,

                      Defendant.
--------------------------------------------------------X

<u>For Online Publication Only</u>

FILED
CLERK
4/23/2020 12:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
19-CV-7197 (JMA) (SIL)

**AZRACK, United States District Judge:**

    On December 23, 2019, plaintiff Hector Jose ("Plaintiff") initiated a civil action against defendant Stoler of Westbury, Inc. d/b/a/ Westbury Toyota ("Defendant") in this Court. (ECF No. 1.) On March 17, 2020, Defendant filed a request for a pre-motion conference concerning a motion to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(6). (ECF No. 5.) Plaintiff did not submit a response within seven days, as Rule IV.B of this Court's Individual Rules require.

    Accordingly, on March 25, 2020, the Court ordered Plaintiff to "file a response to the letter by March 31, 2020." Though Plaintiff was warned that "[f]ailure to respond may result in the dismissal of this action for failure to prosecute," he did not respond. On April 13, 2020, the Court again ordered Plaintiff to respond. Plaintiff was warned that if he did not file a response by April 20, 2020, the Court may dismiss "this action for failure to prosecute." To date, Plaintiff has not responded to Defendant's pre-motion conference request or otherwise communicated with the Court.

    Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of

prosecution or noncompliance.  Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981).  The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.

Plaintiff has failed to respond to Defendant's pre-motion conference request and two of the Court's Orders.  The Court twice warned Plaintiff that failure to respond could result in dismissal of his case.  The Court has considered the relevant factors and concludes that Plaintiff's failure to comply with both Court Orders or to otherwise communicate with the Court warrants dismissal.  Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  April 23, 2020
      Central Islip, New York

                                                                        /s/ (JMA)
                                                                    JOAN M. AZRACK
                                                                    UNITED STATES DISTRICT JUDGE