

**Steven J. Moser**
Direct/Text/Fax: 631.759.4054
smoser@moseremploymentlaw.com

August 21, 2020

**VIA ECF**

Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 920
Central Islip, NY 11722

RE: *Hector Jose v. Stoler of Westbury, Inc.,* 19-cv-07197-JMA-SIL
       Defendant's Motion to Dismiss

Dear Judge Azrack:

I represent the Plaintiff in the above captioned matter.  Today the Defendant submitted a fully briefed motion to dismiss based upon a prior general release executed by the Plaintiff in a personal injury action.

I take issue the following statement made in Defendant's reply brief:

> A corporation's "subsidiary status comes pursuant to New York State law which holds that domination and control of a corporation by another is so complete and obtrusive that the relationship between the two corporation is legally defined as a parent/subsidiary relationship." *Bereky v. Third A.R. Co*. 244 N.Y. 84 (Ct. App. 1926); *Hull v. Hazard, Inc. v. Roberts,* 72 N.Y.2d 900 (Ct. App. 1998).

I have read both cases in their entirety.  *Hull-Hazard, Inc. v. Roberts*, 72 N.Y.2d 900, 532 N.Y.S.2d 748, 528 N.E.2d 1221 (1988) doesn't even mention the term "parent" or "subsidiary." *Berkey v. Third A. R. Co.*, 244 N.Y. 84, 155 N.E. 58 (1926), merely stands for the proposition that a subsidiary may be responsible for the torts of a parent corporation where there is sufficient control by the parent over the subsidiary.

Neither of the cases cited support the proposition that "dominion and control" by one corporation over another makes the controlled corporation a subsidiary of the controlling corporation.

Respectfully submitted,

/s/
Steven J. Moser