200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
(516) 294-5433

634 PLANK ROAD, SUITE 203 A
CLIFTON PARK, NY 12065
(518) 387-3604

55 CHURCH STREET, SUITE 205
WHITE PLAINS, NY 10601
(914) 584-9934

AHMUTY, DEMERS & MCMANUS

ATTORNEYS AT LAW
199 WATER STREET , 16TH FLOOR
NEW YORK, NEW YORK 10038

(212) 513-7788

FACSIMILE (212) 513-7843

1531 ROUTE 82
HOPEWELL JUNCTION, NY 12533
(845) 223-3470

20 WEST MAIN STREET, SUITE 205
RIVERHEAD, NY 11901
(516) 535-1844

65 MADISON AVENUE, SUITE 400
MORRISTOWN, NJ 07960
(973) 984-7300

August 24, 2020

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

| Re: | Civil Action No.: | | 19-cv-7197 (JMA) (SIL) |
|---|---|---|---|
| | Defendant | : | Stoler of Westbury, Inc. |
| | Plaintiff | : | Hector Jose |
| | D/Loss | : | 2/8/18 |
| | Our File | : | IAT1540N19GAK |

Dear Judge Azrack:

Please let this serve as a reply to plaintiff's recently submitted sur-reply in the above referenced matter. Plaintiff's counsel states that he takes exception with our citation to both *Bereky v. Third A.R. Co*. 244 N.Y. 84 (Ct. App. 1926) and *Hull-Hazard, Inc. v. Roberts* 72 N.Y.2d 900 (Ct. App. 1998. Despite the fact that both cases were cited in our initial Memorandum of Law, plaintiff declined to opine on this issue in the opposition papers. Thus, defendant was not able to address the issue in its Reply.

The Court in *Bereky* opined on the relationship between parent and subsidiary corporations, stating the following: "The whole problem of the relation between parent and subsidiary corporations is one that is still enveloped in the mists of metaphor. Metaphors in law are to be narrowly watched, for starting as devices to liberate thought, they end often by enslaving it. We say at times that the corporate entity will be ignored when the parent corporation operates a business through a subsidiary which is characterized as an "alias" or a "dummy." All this is well enough in the picturesqueness of the epithets does not lead us to forget that the essential term to be defined is the act of operation." Id. at p. 94. The Court went on to further state, "Dominion may be so complete, interference so obtrusive, that by the general rules of agency the parent will be a principal and the subsidiary an agent." Id. at p. 95.

Plaintiff contends that the case stands only for the proposition that a subsidiary may be held responsible for the torts of a parent corporation where there is sufficient control by the parent over

the subsidiary. However, we argue that a portion of the case's holding asserts that where two corporate entities are so intertwined by their operation the corporate form is disregarded and one may be considered a subsidiary of the other, a parent. Thus, since Len Stoler, Inc. controls Stoler of Westbury, Inc. so completely, they are indeed in a parent and subsidiary relationship. And as such, the release applies to Stoler of Westbury, Inc. in its releasing of all subsidiaries of Len Stoler, Inc.

As for *Hull-Hazard*, we do not dispute plaintiff's contention that the case does not overtly mention the terms "parent" and "subsidiary.". However, *Hull-Hazard* cites to *Bereky*, in its assertion that "We have acknowledged that the corporate form sometimes may be disregarded where it is necessary to achieve equity or essential to the end that some accepted public policy may be defended or upheld." Id. at 904. Thus, the case stands in support of *Bereky*, in stating that looking to the actual operation of two entities allows the court to disregard the corporate form in determining their relationship. And that when said operation reveals that one corporation dominates the other, a parent/subsidiary relationship exists. Therefore, we would argue under *Hull-Hazard* that this Court may disregard the corporate form of Stoler of Westbury, Inc. and look to the actual operation that we have described in our motion papers to understand that Len Stoler, Inc. is in fact a parent of Stoler of Westbury, Inc.

Therefore, we would again assert that the cases stand for what we have argued in good faith in our motion papers. Thank you for your consideration.

Very Truly Yours,

Glenn A. Kaminska
(646) 535-5835
Glenn.kaminska@admlaw.com

Cc:
Steven J. Moser
Moser Law Firm, P.C.
3 School Street - Suite 207B
Glen Cove, New York 11542
steven.moser@moserlawfirm.com